WALTER LAW GROUP
a Professional Corporation
Riley C. Walter #91839
Justin D. Harris #199112
7110 North Fresno Street, Ste. 400
Fresno, California 93720
Telephone: (559) 435-9800
Facsimile: (559) 435-9868
E-mail: jharris@walterlawgroup.com

Attorneys for Defendants Patrick Mauldin
and Alan Dorfmeier

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MAULDIN-DORFMEIER CONSTRUCTION COMPANY, INC., et al.,<br><br>Defendants.<br><br>and related counterclaims. | CASE 1:05-CV-00063-AWI-LJO<br><br><br>COURTROOM: #6 (1st Floor)<br><br>ANTHONY ISHII<br>U.S. DISTRICT JUDGE |

**ORDER APPROVING STIPULATION
AND DISMISSING ACTION**

The parties to the above-referenced action have resolved their dispute, and entered into a Stipulation for Dismissal of Action (the "Stipulation"). The parties seek dismissal of this action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. Rule 41(a)(1), in relevant part, reads:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed

in any court of the United States or of any state an action based on or including the same claim.

Rule 41(a)(1)(ii) thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice. Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986). Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal. Fed. R. Civ. Pro. 41(a)(1)(ii); Eitel, 782 F.2d at 1473 n.4. Because Plaintiff has filed a stipulation for dismissal with prejudice as to all parties under Rule 41(a)(1)(ii) that is signed by all parties who have made an appearance, this case has terminated. See Fed. R. Civ. Pro. 41(a)(1)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at 1189; see also Gambale, 377 F.3d at 139; Commercial Space Mgmt, 193 F.3d at 1077; cf. Wilson, 111 F.3d at 692.

Therefore, IT IS HEREBY ORDERED that this action is DISMISSED and the Clerk of the Court is DIRECTED to close this case in light of the parties' filed and signed Rule 41(a)(1)(ii) Stipulation For Dismissal With Prejudice.

IT IS SO ORDERED.

**Dated:    January 4, 2006**                     **/s/ Anthony W. Ishii**
0m8i78                                                    UNITED STATES DISTRICT JUDGE